UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CONRAD WOOD, | ) | Case No.: 1:19-cv-0100- DAD- JLT |
| Plaintiff, | )<br>) | ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE |
| v. | )<br>) | COURT OF HIS WILLINGNESS TO PROCEED ONLY ON THE CLAIM FOUND TO BE |
| ANDREW BASSET, et al., | ) | COGNIZABLE |
| Defendants. | )<br>)<br>) | |

Conrad Wood asserts that Andrew Basset and K-9 Hero with the Kern County Sheriff's Department are liable for excessive force when he was not resisting apprehension. (Doc. 1)

For the reasons set forth below, the Court finds Plaintiff alleges facts sufficient to support his claims against officer Bassett. However, Plaintiff is unable to state a claim against the dog involved in the incident. Therefore, Plaintiff is instructed to either file a First Amended Complaint or notify the Court of his willingness to proceed on the claim the Court finds to be cognizable.

**I.     Proceeding *in forma pauperis***

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court reviewed the financial status affidavit (Doc. 3), and finds the requirements of 28 U.S.C. § 1915(a) are satisfied. Therefore, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

1

## II. Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In other words, a complaint is frivolous where the litigant sets "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint

pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### IV. Section 1983 Claims

An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

///

## V. Factual Allegations

Plaintiff alleges that on April 30, 2017, he ran from Officer Basset at approximately 12:30 a.m. (Doc. 1 at 3) He alleges Officer Basset released his K-9 partner, Hero, though "the officer never told [Plaintiff] he would release his K-9 [i]f [Plaintiff] didn't stop." (*Id.*) Plaintiff asserts that when Hero caught him, he was "able to grab ahold (sic) of the dog so he did not bite." (*Id.*) According to Plaintiff, once Basset caught up with Plaintiff, "he told [Plaintiff] to release his dog and then punched [him] in the face." (*Id.*) Plaintiff asserts he then fell on his back and Hero bit him on the stomach. (*Id.*)

Plaintiff asserts Basset commanded Hero to let him go, and Plaintiff "then rolled over and prowned (sic) out and was not resisting." (Doc. 1 at 3) He alleges Officer Basset then let Hero bite Plaintiff two more times, on his right forearm and right bicep. (*Id.*) Plaintiff asserts he has "a loss of feeling in [his] forearm and [his] fingers now cramp and lock up" when he writes. (*Id.*) In addition, he asserts that his fingers go numb. (*Id.*)

## VI. Discussion and Analysis

Based upon the foregoing facts, Plaintiff asserts Basset and Hero are liable for the use of excessive force. (Doc. 1 at 3)

The Supreme Court of the United States determined the Due Process Clause of the Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 388 (1989). However, allegations of excessive force during an arrest are analyzed under the Fourth Amendment, which prohibits arrests without probable cause or other justification. *Id.* ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' … are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"). The Supreme Court explained:

> As in other Fourth Amendment contexts … the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (1989) (internal citations omitted). In applying this standard, the Ninth Circuit instructs courts to consider "the totality of the circumstances and . . . whatever specific factors may be appropriate in a particular case." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

In *Graham*, the Supreme Court set forth factors to be considered in evaluating whether the force used was reasonable, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). In addition, Court may consider "whether officers administered a warning, assuming it was practicable." *George v. Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 381-82 (2007). Ultimately, the "reasonableness" of the actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

### A. Liability of the K-9

As an initial matter, Plaintiff is unable to state a claim against Hero, the police dog. Dogs are not amenable to suit, and do not qualify as government actors under Section 1983. *See Andrade v. City of Burlingame*, 847 F. Supp. 760, 764 (N.D. Cal. 1994) (explaining the police dog was neither a defendant in the case, "nor could it be," and the police dog was also not a government actor for purposes of a Fourth Amendment violation). Rather, the "key question" is whether the handlers acted intentionally. *See id.; Kerr v. City of West Palm Beach*, 875 F.2d 1546 (11th Cir. 1989); *see also Mendoza v. Block*, 27 F.3d 1357, 1362-63 (9th Cir. 1994) (use of a police dog is a factor for an excessive force claim against the police officers). Accordingly, the claim against Hero is not cognizable.

### B. Liability of Officer Basset

Significantly, the Ninth Circuit determined that "improper encouragement of a continuation of the [dog] attack by officers could constitute excessive force." *Watkins v. City of Oakland*, 145 F.3d 1087, 1090-93 (9th Cir. 1998). Likewise, the Eleventh Circuit determined that when the plaintiff "did not pose a threat of bodily harm to the officers or to anyone else" and "was not attempting to flee or to resist arrest," a reasonable officer would not believe that allowing the dog to bite the plaintiff was

5

reasonable use of force. *See Priester v. City of Riviera Beach,* 208 F.3d 919, 927 (11th Cir. 2000).

Plaintiff alleges that after he was in the prone position and "was not resisting," Officer Basset let Hero bite him. (Doc. 1 at 3) Thus, Plaintiff was not actively resisting and ceased attempting to evade the arrest. Significantly, Plaintiff contends Officer Basset allowed Hero to bite him both before and after he surrendered. Further, the facts alleged suggest Plaintiff was not a danger to others when Hero bit his forearm and bicep, given Plaintiff's prone position and lack of resistance. Assuming all facts alleged as true, the facts alleged support a claim for excessive against Officer Basset. *See Watkins*, 145 F.3d at 1090-93; *Priester,* 208 F.3d at 927.

## VII. Conclusion and Order

Plaintiff will be given **one** opportunity to file an amended complaint curing the deficiencies identified in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Rather than amend the complaint, Plaintiff may notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on his claim against Officer Basset. If Plaintiff takes this approach, the Court will dismiss the other defendant.

If Plaintiff chooses to file an amended pleading, the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff is reminded that the Court cannot refer to a prior pleading, and that after an amended complaint is filed, the other pleadings no longer serve any function in the case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (explaining that as a general rule, an amended complaint supersedes the original complaint). Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567.

Based upon the foregoing, the Court **ORDERS**: **Within 21 days** from the date of service of this order, Plaintiff **SHALL**:

1. File a First Amended Complaint curing the deficiencies identified by the Court in this order, **or**
2. Notify the Court in writing of his willingness to proceed only on the claim for excessive force against Officers Bassett.

///

6

**Plaintiff is cautioned that if he fails to comply with this order, the action may be dismissed for failure to obey a court order pursuant to Local Rule 110.**

IT IS SO ORDERED.

    Dated: **January 28, 2019**            **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE