# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD WOOD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW BASSETT, et al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-0100-JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE |

The Court issued a scheduling order in this case on May 10, 2019, including all deadlines governing the action. (Doc. 18) The Court ordered the parties "to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before June 7, 2019." (*Id.* at 2, emphasis omitted)

On June 14, 2019, Plaintiff filed a motion to continue the deadline for his initial disclosures until February 18, 2020, because he "maybe (sic) out of custody." (Doc. 19 at 1) He reported that he was "trying to get [his] medical records" but did not have the money to pay for copies. (*Id.*) The Court denied the request and informed Plaintiff the "disclosures do not require the parties to provide any documents—though they may, if they chose—but, instead to provide only information." (Doc. 20 at 1) The Court determined that Plaintiff's anticipated release date did not support his request to extend any deadlines in the action, which Plaintiff chose to commence despite his in-custody status. (*Id.* at 2) Therefore, the Court ordered Plaintiff to "provide his initial disclosures to defense counsel no later than July 5, 2019." (*Id.*)

Defendant filed a mid-discovery status conference statement on July 22, 2019, which included a report that "Plaintiff has not exchanged his Rule 26 initial disclosure." (Doc. 21 at 4) Upon receipt of the status report, the Court reminded "the parties… of their obligation to complete all discovery within the time frames set forth in the Scheduling Order." (Doc. 22) Plaintiff was "reminded of his obligation to make his Rule 26 disclosure," and ordered to "do so with 14 days." (*Id.*) On September 6, 2019, Defendant filed a notice informing the Court that Plaintiff had "not served his Rule 26 Disclosure in this matter." (Doc. 23) Thus, Plaintiff has failed to comply with the Court's orders.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within fourteen days** of the date of service of this order why the action should not be dismissed for the failure comply with the Court's orders and failure to prosecute or to serve his initial disclosures and file proof of service with the Court.

IT IS SO ORDERED.

Dated: **September 13, 2019**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE