**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONRAD WOOD,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW BASSETT,<br><br>        Defendant. | Case No.: 1:19-cv-00100-JLT<br><br>ORDER DISMISSING THE ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS |

    Plaintiff has failed to prosecute this action by failing to exchange the Rule 26 initial disclosures and failing to comply with the Court's orders. Accordingly, the Court orders the action be **DISMISSED** without prejudice.

**I.    Relevant Background**

    Plaintiff initiated this action by filing a complaint on January 23, 2019. (Doc. 1.) In response to order by the Court, Plaintiff informed the Court he wished to proceed only on the claim found cognizable. (Docs. 3, 4.) Accordingly, the Court ordered the action to proceed only upon Plaintiff's claim under Section 1983 for excessive force, against Officer Andrew Basset. (Doc. 15.)

    Subsequently, the Court issued a scheduling order in this case on May 10, 2019, including all deadlines governing the action. (Doc. 18.) The Court ordered the parties "to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before June 7, 2019." (*Id.* at 2, emphasis omitted.)

On June 14, 2019, Plaintiff filed a motion to continue the deadline for his initial disclosures until February 18, 2020, because he "maybe (sic) out of custody." (Doc. 19.) He reported that he was "trying to get [his] medical records" but did not have the money to pay for copies. (*Id.*) The Court denied the request and informed Plaintiff the "disclosures do not require the parties to provide any documents—though they may, if they chose—but, instead, to provide only information." (Doc. 20 at 1.) The Court determined that Plaintiff's anticipated release date did not support his request to extend any deadlines in the action, which Plaintiff chose to commence despite his in-custody status. (*Id.* at 2.) Therefore, the Court ordered Plaintiff to "provide his initial disclosures to defense counsel no later than July 5, 2019." (*Id.*)

Defendant filed a mid-discovery status conference statement on July 22, 2019, which included a report that "Plaintiff has not exchanged his Rule 26 initial disclosure." (Doc. 21 at 3.) Upon receipt of the status report, the Court reminded "the parties . . . of their obligation to complete all discovery within the time frames set forth in the Scheduling Order." (Doc. 22.) The Court reminded Plaintiff "of his obligation to make his Rule 26 disclosure," and ordered him to "do so within 14 days." (*Id.*) On September 5, 2019, Defendant filed a notice informing the Court that Plaintiff had "not served his Rule 26 Disclosure in this matter." (Doc. 23 at 1.) Thus, Plaintiff failed to comply with the Court's orders.

On September 13, 2019, the Court ordered Plaintiff to show cause why the action should not be dismissed for Plaintiff's failure to comply with the Court's orders and failure to prosecute. (Doc. 24.) Plaintiff requested extensions of time, which the Court denied. (Docs. 25, 26, 27, 29.) The Plaintiff submitted a response in which he stated that he is currently incarcerated and listed documents he needs for discovery. (Doc. 28.) On October 11, 2019, Defendant filed a notice informing the Court of Plaintiff's non-compliance with the Court's order and Rule 26 disclosure. (Docs. 30, 31.)

**II.     Failure to Prosecute and Obey the Court's Orders**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions

including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**III.     Discussion and Analysis**

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

**A.     Public interest and the Court's docket**

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to comply with the Court's orders and failure to take action to continue prosecution in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward . . . disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

**B.     Prejudice to Defendants**

To determine whether the defendants suffer prejudice, the Court must "examine whether the plaintiff's actions impair the . . . ability to go to trial or threaten to interfere with the rightful decision of

the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiff has not made his Rule 26 initial disclosures, or taken any action to further his prosecution of the action, despite being ordered by the Court to do so. Therefore, this factor weighs in favor of dismissal.

**C.     Consideration of less drastic sanctions**

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

The Court warned Plaintiff in the scheduling order that "[f]ailure to comply with this order may result in the imposition of sanctions." (Doc. 18 at 6.) Again in the order to show cause, the Court stated that "a court may impose sanctions including dismissal of an action" based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. (Doc. 24 at 2.) Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the repeated warnings to Plaintiff satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

**D.     Public policy**

Given Plaintiff's failure to prosecute the action and failure to comply with the Court's orders, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the

4

other four factors").

**IV. Order**

Plaintiff failed to comply with the Court's orders dated May 10, 2019 (Doc. 18), June 17, 2019 (Doc. 20), and September 13, 2019 (Doc. 24), and failed to prosecute this action through exchanging Rule 26 initial disclosures. Based upon the foregoing, the Court **ORDERS** the following:

1. All pending dates, conferences and hearings are **VACATED**;
2. This action is **DISMISSED without prejudice**; and
3. The Clerk of Court is **DIRECTED** to close this action.

IT IS SO ORDERED.

Dated: __October 31, 2019__                    __/s/ Jennifer L. Thurston__
                                                       UNITED STATES MAGISTRATE JUDGE